UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOAR, INC., KARL SNOWDON, MAVERICK SNOWDON, and SUZANNE SNOWDON,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF NYE, JACK LOHMAN, RICHARD JOHNSON, BRENT STEED, CHARLES ABBOTT ASSOCIATES, INC., and JIMMY FLOYD,<br><br>  Defendants. | 2:08-CV-01091-PMP-RJJ<br><br>ORDER |

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. #53) filed on behalf of Defendants County of Nye, Jack Lohman, and Richard Johnson ("Nye County Defendants") on March 3, 2010. Defendants Charles Abbott Associates, Inc., Jimmy Floyd, and Brent Steed ("CAA Defendants") filed a Joinder (Doc. #100) on October 14, 2010. Plaintiffs filed an Opposition (Doc. #103) on October 22, 2010. Defendants filed Replies (Doc. #111, #112) on November 5, 2010. The Court held a hearing on this motion on November 29, 2010. (Mins. of Proceedings (Doc. #124).)

The parties are familiar with the facts, and the Court will not repeat them here except where necessary. Generally, this is a civil rights action in which Plaintiffs, who are developers of property in Nye County, claim Defendants singled them out for disfavored treatment and imposed permitting and compliance requirements on them that they do not require of other, favored builders and developers. Plaintiffs also contend that when they

sought to review and copy County records to determine whether they were being treated differently, Defendants refused to permit them to view documents and/or charged exorbitant fees to do so.  Plaintiffs therefore bring a claim against Nye County for civil rights violations based on an alleged unwritten policy of favoring certain connected individuals in the County in violation of Plaintiffs' equal protection and due process rights, and which constituted a taking.  Plaintiffs also bring claims under 42 U.S.C. § 1983 for equal protection, due process, and takings violations.  Plaintiffs further assert state law claims for civil conspiracy, negligent hiring, training, and supervision, and negligence.

### A.  Count One - <u>Monell</u> Claim Against the County

Count one of Plaintiffs' Second Amended Complaint[1] ("SAC") alleges the County has an unwritten policy of discriminating against property owners who are not in political favor or who question county government actions. (Second Am. Compl. (Doc. #74) at 5.)  The SAC alleges this policy has led to the violation of Plaintiffs' equal protection and due process rights, and resulted in a taking. (<u>Id.</u> at 5-6.)

A plaintiff suing a municipality or its agency must establish both a constitutional deprivation and the existence of a municipal custom or policy that caused the deprivation. <u>Munger v. City of Glasgow Police Dep't</u>, 227 F.3d 1082, 1087 (9th Cir. 2000) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978)); <u>Wallis v. Spencer</u>, 202 F.3d 1126, 1136 (9th Cir. 2000).  As discussed below, Plaintiffs do not present evidence raising a genuine issue of material fact that any constitutional violation occurred.  Additionally, Plaintiffs present no evidence raising a genuine issue of material fact that Nye County has an unwritten policy of treating certain developers more favorably than others.  Plaintiffs

---

[1] Plaintiffs filed the SAC after the Nye County Defendants filed their motion for summary judgment.  The SAC adds a claim against the Nye County Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and adds the CAA Defendants.  Because the motion was filed before the SAC, it does not address the RICO count as to any Defendant.

2

present no evidence any such unwritten policy exists.  Although Plaintiffs state "supervisory and policy making officials" knew of this policy, Plaintiffs do not identify who these people are, how they knew it, or when they knew it.  Plaintiffs present no evidence that Defendants Jack Lohman or Richard Johnson were final decision makers whose conduct would constitute County policy, and the fact that any Planning Department decision was subject to appeal suggests they were not.   The Court will grant summary judgment in favor of Defendant Nye County on count one.

### B.  Count Two - Equal Protection

An equal protection claim may be based on a "class of one" theory.  To establish a class of one equal protection claim, the plaintiffs must show the defendants intentionally treated them differently from others similarly situated and "there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

While Plaintiffs have identified properties which did not have the same requirements regarding parking, landscaping, impact fees, or septic systems, Plaintiffs have not presented evidence raising an issue of fact that these properties were similarly situated. Plaintiffs rest on the proposition that any commercial property developed in Nye County is similarly situated.  But property is zoned differently, built by different types of entities, and developed at different times under different regulations.  For example, some of the properties Plaintiffs identify were in development prior to the impact fees being implemented, and thus there was no requirement for those developers to pay impact fees. (Defs.' Reply, Aff. of Steve Osborne (Doc. #113).)  Plaintiffs, on the other hand, were subject to the impact fee requirement due to the timing of their project.  Others had grandfathered permits for their septic systems and were able to produce the original permit, and thus were not subject to the new OSDS regulations implemented by the State of Nevada.  (Id.)  Plaintiffs could not present a permit for their ISDS septic system that would allow their ISDS septic system to be grandfathered under the applicable regulations.  In

short, while Plaintiffs have been able to identify other property in Nye County that was not subject to the same requirements as Plaintiffs, Plaintiffs have presented no evidence raising a genuine issue of material fact that Defendants treated similarly situated properties differently. The Court therefore will grant Defendants' motion as to count two.

### C.  Count Three - Due Process

Plaintiffs do not make a procedural due process claim, and Plaintiffs do not identify any inadequate procedures or a failure to adhere to establish procedures. Plaintiffs were advised of their appeal rights and never exercised them.

As to substantive due process, to establish such a claim, Plaintiffs "must prove that the County's actions were clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Dodd v. Hood River County, 59 F.3d 852, 864 (9th Cir. 1995) (quotation omitted). "A substantive due process claim requires proof that the interference with property rights was irrational and arbitrary." Id. The Court should not interfere with local land use decisions unless the County "could have no legitimate reason for its decision." Id. "There is no denial of substantive due process if the question as to whether the government acted arbitrarily or capriciously is at least debatable." Id. (quotation omitted).

Plaintiffs' substantive due process claim rests on the argument that Defendants treated Plaintiffs differently from similarly situated individuals, but as just discussed, Plaintiffs present no evidence raising a genuine issue of fact on that issue. Plaintiffs also contend Defendants arbitrarily and capriciously retaliated against them, but cite to no evidence in support of that claim. Plaintiffs were required to adhere to applicable regulations regarding landscaping, parking, fire prevention, septic systems, and impact fees. The County has legitimate reasons to enforce these requirements. The Court will grant Defendants' motion for summary judgment on this claim.

///

**D.  Count Four - Takings**

A Fifth Amendment takings claim is not ripe for review until "the government entity charged with implementing the regulations has reached a final decision regarding the application of the [challenged] regulations to the property at issue," and the plaintiff has sought compensation through the state-provided procedures.  Adam Bros. Farming, Inc. v. County of Santa Barbara, 604 F.3d 1142, 1146-47 (9th Cir. 2010).  If a takings claim is not ripe under this test, the Court must dismiss for lack of subject matter jurisdiction.  Jama Constr. v. City of Los Angeles, 938 F.2d 1045, 1048 (9th Cir. 1991).

Plaintiffs cannot meet either prong of the ripeness test.  The Planning Department's decisions were not necessarily final, as Plaintiffs were advised of their appeal rights and never exercised them.  Further, Plaintiffs have not sought compensation for any alleged takings through any procedures Nevada law provides.  Plaintiffs argued at the hearing that appealing the Planning Department decisions would have been futile because County employees told them not to bother appealing.  However, Plaintiffs have not presented evidence that seeking just compensation would have been futile, even if appealing the regulatory decision would have been futile.  The Fifth Amendment does not prohibit takings, it prohibits takings without just compensation.  Plaintiffs have not sought compensation, the claim is not ripe, and the Court must dismissed the claim for lack of subject matter jurisdiction.

**E.  Count Five - Civil Conspiracy**

In Nevada, "'an actionable conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.'"  Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 862 P.2d 1207, 1210 (Nev. 1993) (quoting Sutherland v. Gross, 772 P.2d 1287, 1290 (Nev. 1989)).  "To prevail in a civil conspiracy action, a plaintiff has to prove an explicit or tacit agreement between the tortfeasors."  GES, Inc. v. Corbitt, 21

5

P.3d 11, 15 (Nev. 2001).

Plaintiffs have presented no evidence raising a genuine issue of material fact regarding a conspiracy. Plaintiffs present no evidence of agreement, meeting of the minds, or unlawful objective. The recent incident involving Plaintiffs' investigator and Defendant Brent Steed ("Steed") does not alter this analysis, as only Steed was involved, and it does not suggest Steed conspired with anyone.

**F.  Counts Six & Seven - Negligence**

To establish a negligence claim, the plaintiff must show: "(1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an actual cause of the plaintiff's injury; (4) the breach was the proximate cause of the injury; and (5) the plaintiff suffered damage." Perez v. Las Vegas Med. Ctr., 805 P.2d 589, 590-91 (Nev. 1991). In Nevada, an employer "has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure the employees are fit for their positions." Hall v. SSF, Inc., 930 P.2d 94, 99 (Nev. 1996).

A municipality's failure to train its employees may give rise to a constitutional violation redressable under § 1983 liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). A plaintiff making such a claim must show the training program is inadequate and the inadequate training represents municipal policy. Id. In other words, municipal policymakers' "continued adherence . . . to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action-the deliberate indifference-necessary to trigger municipal liability." Id. (quotation omitted).

As discussed above, as Plaintiffs present no evidence Defendants did anything beyond enforcing regulations and ordinances applicable to Plaintiffs' property, Plaintiffs have not presented evidence raising an issue of fact that Defendants breached any duty. As

to negligent hiring, training, and supervision, Plaintiffs present no evidence of any incidents in either Johnson's or Lohman's background that would suggest negligent hiring. Plaintiffs present no evidence regarding Johnson's or Lohman's training that would suggest negligent training. Plaintiffs present no evidence that any supervisor of Johnson or Lohman became aware of any misconduct on either employee's part and failed to correct it. Plaintiffs present no evidence of the County's training program that would suggest it was deliberately indifferent to potential constitutional violations. Plaintiffs present no evidence that any negligence in hiring, training, or supervision was a causal factor in any violation, as Plaintiffs have failed to show disparate treatment, as discussed previously. The Court will grant summary judgment on these claims.

### G. Joinder

The joining CAA Defendants likewise are entitled to summary judgment. Plaintiffs cannot show an equal protection, due process, or takings violation as to any Defendant. Plaintiffs present no evidence of civil conspiracy, negligent hiring, training, or supervision, or negligence as to the joining CAA Defendants. Further, Defendants Steed and Jimmy Floyd were involved in the firewall/sprinklers and septic system issues, respectively. As both of these issues required a final decision by a Nevada State official, these Defendants did not make the decision about which Plaintiffs complain. The Court therefore will grant summary judgment to the CAA Defendants as well.

IT IS THEREFORE ORDERED that Defendants Motion for Summary Judgment (Doc. #53) is hereby GRANTED. Summary judgment is hereby granted in favor of all Defendants on counts one through three and counts five through seven of Plaintiffs' Second Amended Complaint. Count four is dismissed for lack of subject matter jurisdiction.

DATED: November 30, 2010

_____
PHILIP M. PRO
United States District Judge