# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOAR INC., a Nevada Corporation; KARL SNOWDON, individually and as a shareholder and President of Boar, Inc., MAVERICK SNOWDON, individually and as a shareholder and Director of Boar, Inc., SUZANNE SNOWDON, individually and as a shareholder and Secretary and Treasurer of Boar, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF NYE, a Political Subdivision of the Sate of Nevada and doing business as the Nye County Planning Department for the Pahrump Regional Planning District; JACK LOHMAN, individually and as Planning Director of Nye County Planning Department, RICHARD JOHNSON, individually and as Manager of Nye County Building Safety and Compliance, <br><br> Defendants. | 2:08-CV-01091-PMP-RJJ <br><br> **ORDER** |

Before the Court for consideration is Defendant Nye County's Motion for Partial Summary Judgment on Plaintiffs' Ninth Cause of Action for Violations of RICO (Doc. #133) filed January 12, 2011. Defendants Charles Abbott Associates, Inc., Brent Steed, and Jimmy Floyd joined in Defendant Nye County's Motion (Doc. #138) on January 26, 2011. Plaintiffs filed a Response in Opposition to Defendants'

Motion (Doc. #142) on March 2, 2011, to which moving Defendants filed Replies (Doc. #145 & #146) on March 11, 2011.

The Parties are familiar with the facts, and the Court will not repeat them except where necessary.  Generally, this is a civil rights action in which Plaintiffs, who are developers of property in Nye County, claim Defendants singled them out for disfavored treatment and imposed permitting and compliance requirements on them that they do not require of other, more favored builders and developers.  This case has been heavily litigated, and prior rulings of the Court have disposed of all claims with the exception of Plaintiffs' RICO claim set forth as the Ninth Cause of Action in Plaintiffs' Second Amended Complaint (Doc. #74).  Defendants contend there is no genuine issue of material fact as it relates to the remaining RICO cause of action, and that summary judgment in favor of Defendants is warranted.

Defendants argue that Plaintiffs' RICO allegations are infirm because the "predicate acts" Plaintiffs allege as "racketeering activity" are nothing more than allegations of civil rights violations which have already been dismissed by this Court, and that none of those acts fall within the ambit of Indictable acts as defined in 18 U.S.C. §1961(1)(B).  Defendants further argue that because Plaintiffs failed to effectively plead racketeering activity on the part of Defendants, Plaintiffs' allegation of conspiracy to commit racketeering violations must similarly fail.  The Court agrees.

Plaintiffs have failed to demonstrate genuine issues of material fact remain which would provide a basis for a finding of RICO violations as alleged in Plaintiffs' Ninth Cause of Action.  Because Plaintiffs RICO claims lack evidentiary support and Plaintiffs have not shown genuine issues of material fact regarding the alleged conspiratorial conduct on the part of Defendants, the Court concludes Defendants motion for summary judgement as to Plaintiffs' Ninth Cause of Action

must be granted.

**IT IS THEREFORE ORDERED that** Defendant Nye County's Partial Motion for Summary Judgment on Plaintiffs' Ninth Cause of Action for Violations of RICO (Doc. 133) as joined by Defendants Charles Abbott Associates, Inc., Brent Steed, and Jimmy Floyd (Doc. #138) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith enter judgment in favor of Defendants and against Plaintiffs on Plaintiffs' Ninth Cause of Action contained in Plaintiffs' Second Amended Complaint (Doc. #74).

It further appearing that resolution of this claim resolves all claims pending in this case, the Clerk of Court shall docket this case as closed so as to enable the Parties to pursue appellate relief should they choose to do so.

DATED: March 21, 2011.

_____
PHILIP M. PRO
United States District Judge

3